CA 07 068S-LDA



# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Rhode Island |
|---|---|
| Name (under which you were convicted): Kevin Michael Lyons | Docket or Case No.: |
| Place of Confinement: R.I. Adult Correctional Institution ,Cranston,RI 02920 | Prisoner No.: ç100773 |
| Petitioner (include the name under which you were convicted): Kevin M Lyons | v. Respondent (authorized person having custody of petitioner): A.T.Wall Director ACI RI |
| The Attorney General of the State of RHode Island | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: R.I. Kent County Superior Court, 222 Quaker Lane Warwick, RI 02886

   (b) Criminal docket or case number (if you know): K1-1993-0600A

2. (a) Date of the judgment of conviction (if you know): February 23,1996

   (b) Date of sentencing: May 21,1996

3. Length of sentence: 50 yrs 25 to serve 25 probation

4. ~~In this case, were you convicted on more than one count or of more than one crime?~~ Yes ☐ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Count ç1 First degree Child Molestation, 25 to serve, 25 probation. Count ç2 First degree Child Molestation 25 to serve, 25 probation Concurrent to count ç1 Count ç3 Dismissed.

6. (a) What was your plea? (Check one)

   (1) Not guilty ☒ (3) Nolo contendere (no contest) ☐

   (2) Guilty ☐ (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?

Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: Rhode Island Supreme Court

(b) Docket or case number (if you know): NO 96-644 C.A.

(c) Result: Denied

(d) Date of result (if you know): January 15,1999

(e) Citation to the case (if you know): 725 A2d 271 (RI 1999)

(f) Grounds raised: 1) Admission of prior Consistent Statement, 2) admission of expert Medical Testimony regarding Results of physical examination, 3) admission of alleged Bolstering Testimony

(g) Did you seek further review by a higher state court? Yes ☐ No ☒

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: ____________________

(3) Date of result (if you know): ____________________

(4) Citation to the case (if you know): ____________________

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: R.I. Kent County Superior Court

(2) Docket or case number (if you know): KM 2000-393

(3) Date of filing (if you know): June 2000

(4) Nature of the proceeding: Post ConvictionRelief Application

(5) Grounds raised: Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☒ No ☐

(7) Result: Denied

(8) Date of result (if you know): Oct 21,2004

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): ____________________

(3) Date of filing (if you know): ____________________

(4) Nature of the proceeding: ____________________

(5) Grounds raised: ____________________

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☒ No ☐

(2) Second petition: Yes ☐ No ☒

(3) Third petition: Yes ☐ No ☒

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: (SEE REVERSE SIDE OF PAGE)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(SEE REVERSE SIDE OF PAGE)

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Was not know until start of Post Conviction proceedings

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Application

Name and location of the court where the motion or petition was filed: Kent County Superior Court 222 Quaker Lane,Warwick,RI 02886

Ground One: State Supreme Court did not address Issue C. To the Jury Question's and its distinct and individuality as pertaining to the adversarial system of law.

(a) During the trial the jury had given the bailiff a note with a question duly noted by the Court Clerk and stamped, that was never address by the Court, the Prosecutor, the Defendant nor his lawyer that was not found out existed until Defendant started Post Conviction Proceeding. The noted Question states 2/22/96 Dear Judge, We presently have ç1 Golden indictment exhibit C full. ç2 Judgment + Disposition B full ç3 RI hospital record (1985) A full are you saying that is all we can have if not would you please advise Thank you (signature) forman (over) (on back side of note) we are specifically looking for the nurse report as well as a time line as to were they lived and as what dates. (signature or initials ) sorry about the hand writing!!

This issue was instructed by the judge to the jury during charging as the proper avenue for any question during deliberations (TTpg 354 line 2-11). but still went un-address by all parties.

Docket or case number (if you know): KM 2000-393

Date of the court's decision: Oct 21,2004

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: RI Supreme Court 250 Benefit Street, Providence, Ri 02903

Docket or case number (if you know): 05-121MP

Date of the court's decision: Original Decision Nov 10,2006

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Re Argument Jan 4,2007

GROUND TWO: (see Reverse Side of Pages)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): (SEE REVERSE Side of PAGE)

Ground Two; The jury's Question itself calls into Question the conviction Because of an essential element of the crime alleged is called into question

(a) Because the confusion of the 4 year indictment the second person charged during the 4 year span and the 3 city's involved in the grand jury indictments when only one year and one of two city's charged to each individual person charged. The jury tried unsuccessfully to clarify the time line of the alleged crime, and because it was never addressed by the Court, the Prosecutor, Defendant nor his Attorney the jury was forced to deliberate without proper information and to convict outside the scope of the crime.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Issue was not know until Post Conviction Relief Procedure.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Application

Name and location of the court where the motion or petition was filed: Kent County Superior Court, 222 Quaker Lane,Warwick,RI 02886

Docket or case number (if you know): KM 2000-393

Date of the court's decision: Oct 21,2004

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: RI Supreme Court 250 Benefit Street, Providence,RI 02903

Docket or case number (if you know): 05-121MP

Date of the court's decision: Jan 4,2007

Result (attach a copy of the court's opinion or order, if available): Denied,ReArgued and Denied complete

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

GROUND THREE: (SEE REVERSE SIDE OF PAGE)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): (SEE REVERSE SIDE OF PAGE)

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: WAS NOT RAISED until postconviction Relief Application.

Ground Three; Judge did err in Questioning a juror's misconduct before the other juror's in open court.

(a) After the start of trial during a break one of the juror's was seen talking to the alleged victim in the court house coffee shop by the defense attorney. This information was brought to the prosecutors attention then to the judges attention after the jury was recalled to the jury box. When the defense attorney approached the bench to discuss this matter he pointed out the juror to the judge as "The first juror, [redacted], the very first closest to the wall" (TT pg 124 lines 19 to 20). The court "where?" (TT pg 124 line 21) Defense attorney "first row closest to the wall" (TT pg 124 lines 22 to 23) the court "[redacted]." (TT pg 124 line 24) defense attorney "yes" (TT pg 124 Line 25) the court "okay. do you want to talk to [redacted] now?" (TT pg 125 Line 1 to 2) defense attorney "Yes, if we could, or at the end of the day, whatever you think is better." (TT pg 125 lines 3 to 4) the court "[redacted]. **may I ask you to come here just for a minute, please. Thank you"** (TT pg 125 line 5,6,7) (( please note in the transcripts the jury is not dismissed from the jury box nor left the court room)) (juror [redacted] approaches the side bar) (TT pg 125 line 8) The judge begins to question the juror about the incident. This was done in open court with all the jury, the prosecution, the defense and the whole gallery. This conduct was not properly done and cause harm to the defendant in its perceived attack on the jury as a whole by the defense.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Hearing

Name and location of the court where the motion or petition was filed: Kent County Superior Court 222 Quaker Lane,Warwick,RI 02886

Docket or case number (if you know): KM 2000-393

Date of the court's decision: 21 Oct 2004

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: RI State Supreme Court 250 Benefit street Providence,RI 02903

Docket or case number (if you know): 05-121MP

Date of the court's decision: 4 Jan 2007

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

GROUND FOUR: (SEE REVERSE SIDE OF PAGE)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
(SEE REVERSE SIDE OF PAGE)

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Lawyer didn't want to bring its forward.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Hearing

Name and location of the court where the motion or petition was filed: Kent County Superior Court, 222 Quaker Lane, Warwick, RI 02886

Docket or case number (if you know): KM 2000-393

Date of the court's decision: 21 Oct 2004

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: RI Supreme Court 250 Benefit street, Providence,RI 02903

Docket or case number (if you know): 05-121mp

Date of the court's decision: 4 Jan 2007

Result (attach a copy of the court's opinion or order, if available): Denied on ReArgument

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

**SEE ATTACHED PAGES (12a)(12b)(12c)(12d)(12e)(12f)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☒ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☒

GROUND FIVE: (SEE REVERSE SIDE OF PAGE)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
(SEE REVERSE SIDE OF PAGE)

(b) If you did not exhaust your state remedies on Ground five explain why: N/A

(c) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: may only be addressed by Post Conviction Relief under RI Laws.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief

Name and location of the court where the motion or petition was filed: Kent County Superior Court 222 Quaker Lane, Warwick, RI 02886

Docket or case number (if you know): KM 2000-393

Date of the court's decision: 21 Oct 2004

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?
Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

Ground Five: That trial Attorney was Ineffective in his defense, prior to and during the trial of the defendant.

1) The defense attorney did not file for a bill of particulars after being notified of overlapping indictment of two non-co-conspirators nor co-defendant of same alleged victim the (4)four year of time for the defendants alleged crime with a one year overlapping of another defendants crime (Norman Golden did plead guilty to charges against him) must be distinct in their indictments thus provokes the need for said bill. Not only for its time, but place, elements for an alleged crime but, also for its confusion to all parties concerned beside the fact that both Providence and Coventry were never pursued and only one of the three alleged county's were ever pressed for charges against the defendant.
2) The defense attorney did not press for mistrial during judges questioning of the juror no 53 in open court before the rest of the jury.
3) The defense attorney did not properly preserve objection during trial as clearly pointed out by the RI Supreme Court in its opinion of Jan 1999 in No 96-644 725 A2d 271 (RI 1999). Where on numerous occasions the RI Supreme Court refused to answer questions for direct appeal and only cited them as not properly preserved for review.
4) The defense attorney did not file for now trial motion after informing the Court that he would be doing so, without any explanation to neither the Court nor his client. He just forgot and left it undone. When pressed at Post Conviction hearing deposition he now chalantly said their was no reason to.
5) The defense attorney did not file motion to dismiss indictment, because of overlapping non co-conspirator ,non co-defendant indictment of other individual of same alleged victim, whom plead guilty to his crime. With his attorney using defendants case for plea agreement and fully known to attorney at and before trial, where in, defense attorney actually had said person on witness list and at court house for trial.
6) The defense attorney did not properly challenge the credentials nor properly cross examine the states expert witness nurse [redacted]. Not only was the defense attorney lax in his preparation to cross examine this witness she was not even the attending physician at the hospital nor did she conduct the medical tests of the alleged victim and she is and was not an expert in the pediatrics field of medicine.

At trial the defense attorney allows the states witness to bolster the alleged victim testimony with what was said to her. Not what she could medically prove nor what she could scientifically prove only what she was told by the alleged victim and the prosecution. She was not aware of another perpetrator ([redacted]) whom had already plead guilty to attacking the alleged victim nor was she in possession of the alleged victim medical history from other medical sources that were available that could have shown that other qualified medical tests were conducted showing no sexual abuse after the defendant left the abode and had no contact with the alleged victim any longer. all of this information known to the alleged victim and her mother was never told to the nurse practitioner. Thus showing that the nurse was only bolstering the alleged victim testimony and also all other mistaken information testified to as to the alleged identification used by the nurse at trial, all of which was not properly preserved for direct appeal (see direct appeal).

(5) If your answer to Question (d)(5) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(5) is "Yes," state:

Name and location of the court where the appeal was filed: RI Supreme Court 250 Benefit Street, Providence, RI 02903

Docket or case number (if you know): 05-121 MP

Date of the court's decision: 4 Jan 2007

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

GROUND SIX: (SEE REVERSE SIDE OF PAGE)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): (SEE REVERSE SIDE OF PAGE)

(b) If you did not exhaust your state remedies on Ground Six explain why: N/A

(c) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Issue could not be raised on direct appeal only by Post Conviction Relief by RI Law

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief

Name and location of the court where the motion or petition was filed: Kent County Superior Court 222 Quaker Lane, Warwick, RI 02886

Docket or case number (if you know): KM 2000-393

Date of the court's decision: 21 Oct 2000

Result (attach a copy of the court's opinion or order, if available): denied

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

Ground Six: That there is prosecutorial misconduct in the states attorney generals hiding exculpatory evidence from the defense.

(a) The state in its indictment and opening statements at trial did refer to several documents that were going to be used to prove the states case, that, were never turn over to the defense. These documents begin with medical records that were addressed to the Grand Jury. At this process the jury was told of records from Providence and Warwick but only produce records from Providence at both proceedings.

The nurse refers to a roll of 35mm film, colposcopy scope pictures and a video tape that was allegedly turned over to the prosecution but never given to the defense, after several orders by the court to do so.

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (d)(5) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Post Conviction Relief Appellant Attorney refused to raise issue to Court.

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ~~Four~~ Six: N/A

GROUND SEVEN: (SEE REVERSE SIDE OF PAGE)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
(SEE REVERSE SIDE OF PAGE)

(b) If you did not exhaust your state remedies on Ground Seven explain why: N/A

(c) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Not cognizable under appeal process before Post Conviction Relief

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief

Name and location of the court where the motion or petition was filed: Kent County Superior Court, 222 Quaker Lane, Warwick, RI 02886

Docket or case number (if you know): KM 2000-393

Date of the court's decision: 21 Oct 2004

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

Ground Seven: That the judge did commit judicial misconduct in
1) Questioning a juror in open Court before the rest of the jury;
2) Sentencing the defendant under the wrong statute.

(a) The judge did as stated previously commit a grievous error in pulling and questioning a juror right from the jury box in open court before the rest of the juror when juror was accused of unethicial conduct during the trial and then mysteriously not included in deliberations.
The judge did commit error in sentencing defendant under false crimes that he was not charged nor convicted of by state or jury. charged under R.I.G.L.§§ 11-37-1 and 11-37-2 as clearly defined by her statement (sent Tran pg 10 lines 18 thru 23). When the justice said he was convicted of sexual assault not child molestation as clearly define as two separate

charges in RI law.

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (d)(5) is "Yes," state:

Name and location of the court where the appeal was filed: RI Supreme Court 250 Benefit street, Providence,RI 02903

Docket or case number (if you know): 05-121 Mp

Date of the court's decision: 4 Jan 2007

Result (attach a copy of the court's opinion or order, if available): denied (partly)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Appellants Attorney refused to address wrongful sentencing

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ~~Four~~ SEVEN: N/A

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: David Ciciline Atwell ave. Providence,RI 02904

(b) At arraignment and plea: Same as A

(c) At trial: Same as A

(d) At sentencing: Same as A

(e) On appeal: Janice Wisfield, RI Public Defender's office 100 Main Street,Providence, RI 02903

(f) In any post-conviction proceeding: Terence Livingston 681 Smith st, Providence, RI 02908

(g) On appeal from any ruling against you in a post-conviction proceeding: Susan Iannitelli P.O.BOX 284 Greenville, RI 02828

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: ______

(c) Give the length of the other sentence: ______

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* Due to the avenue provided by the RI state judicial system in criminal convictions not all issues from a criminal complaint are allowed upon a direct appeal, thus the criminal defendant must proceed to a post conviction relief application only after the direct decision appeal has been rendered to adjudicate all subsequent issues's not considered constitutional under RI Law such as ineffective assistance of counsel. Petitioner is now timely filing this petition as final decision was render on 4 Jan 2007 on Post Conviction Relief appeal reargument motion.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: Motion to overturn Conviction and Motion for New Trial.

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 2/15/2007 (month, date, year).

Executed (signed) on 2/15/2007 (date).

[signature] PRO/SE

Signature of Petitioner

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. ______________________

IN FORMA PAUPERIS DECLARATION

Federal District Court of Rhode Island

[Insert appropriate court]

* * * * *

Fee will be forwarded $5.00