**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEVIN MICHAEL LYONS** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2007-68S** |
| | : | |
| **A.T. WALL, et al** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully moves to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.*

,

**STATE OF RHODE ISLAND**
By Its Attorneys

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman_______
**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 15th day of March, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and, I placed a copy of the within document in the U.S. mail, postage prepaid, to Kevin Michael Lyons, at his last known address of PO Box 8249, Cranston, Rhode Island, 02920.

/s/ Aaron L. Weisman

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEVIN MICHAEL LYONS** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2007-68S** |
| | : | |
| **A.T. WALL, et al** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Petitioner Kevin Lyons was convicted in the Rhode Island Superior Court of two-counts of first degree child sexual molestation. The Rhode Island Supreme Court affirmed that conviction in a January 1999 Opinion reported at 725 A.2d 271. He subsequently sought state post-conviction relief (*please see* R.I.G.L. § 10-9.1-1 *et seq*.) in the Rhode Island Superior Court, and on October 21, 2004, the Superior Court issued a decision denying Petitioner's post-conviction relief application. The Rhode Island Supreme Court affirmed that denial in a November 10, 2006 opinion reported at 909 A.2d 490.

In Petitioner's instant *Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody,* he appears to raise six claims (1-2 ) relating to a note sent by the jury to the trial justice, 3) relating to the judge's questioning of a juror, 4) numerous ineffective assistance of counsel claims, 5) relating to allegedly withheld exculpatory evidence, and 6) relating to alleged judicial misconduct and a claim of sentencing under the wrong statute), but, as the third, fifth and sixth claims were not raised by Petitioner in either of his two appeals to the Rhode Island Supreme Court, the

State will not take up these unpresented-appellate-state-court claims,[1] and turn to the three claims which Petitioner did present to and which the Rhode Island Supreme Court did pass upon.

Issues 1-2:. Petitioner claims that during their deliberations, the jury sent the trial justice a note requesting a "nurse report" and a "time line", and suggests that the failure of the trial court to respond to this request may have prejudiced him because the jury might not have had the necessary information to determine whether Petitioner committed the charged offenses in the charged time periods. (***Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody*** at 6-8.) In the Petitioner's pre-briefing statement submitted on appeal of the Superior Courts' denial of his application for post-conviction relief, he argued only that the import of this jury note was that it evidenced his trial counsel's alleged ineffective assistance of counsel in having "failed to file a motion for a bill of particulars", as "the issue of when the defendant and/or the victim lived in a location was critical to the jury's understanding of the evidence and the jury's attribution of the physical signs of penetration to the actual perpetrator." (Petitioner's Pre-briefing Statement ("Statement of the Case") filed in Rhode Island

---

[1] For any claim raised in the habeas context, petitioner has an obligation first to present the same claim at every level of the state court system. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999). Because an examination of the pre-briefing statement submitted by Petitioner's state post-conviction relief appellate counsel indicates that these three claims were not raised in the Rhode Island Supreme Court, Petitioner may not properly have them adjudicated in the instant habeas proceeding. Whether these claims are now procedurally barred in State Court and are therefore, in the absence of exceptional circumstances, barred on federal habeas review (***see*** Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546 (1991)) are issues that need not be decided at this time. In any event, these three claims would appear to be either "unexhausted" (Josselyn v. Dennehy, 475 F.3d 1, 4-5 (1st Cir. 2007)) or, owing to procedural default, unexhaustible, and need not be taken up at this time.

Supreme Court Number 05-121A at 6.) However, with respect to the failure to file a bill of particulars, the Rhode Island Supreme Court determined:

> Lyons also argues that trial counsel's failure to file a bill of particulars rendered his assistance constitutionally deficient. During her grand jury testimony, the complaining witness referred to incidents of molestation that took place in Providence and Coventry. Lyons maintained that a bill of particulars would have shown that he could not have been responsible for any events that took place in Providence and Coventry. But, in her decision, the hearing justice explained that the crimes for which Lyons was charged were committed in Warwick, and there was ample evidence supporting his conviction for those crimes. The hearing justice concluded that the mere fact that the complaining witness mentioned uncharged incidents in Providence and Coventry during her grand jury testimony did not necessitate the filing of a bill of particulars indicating the exact time and place of the charged crimes, all of which occurred in Warwick. The hearing justice also noted that the overwhelming evidence against Lyons negated any possibility that a bill of particulars could have changed the outcome. This finding also is supported by the record, and is not clearly erroneous.

(Lyons v. State, 909 A.2d at 493.)

The State would respectfully suggest that this determination is plainly not "contrary to, or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d)(1); Horton v. Allen, 370 F.3d 75, 79-80 (1st Cir. 2004). Because, then, it would appear that Lyons cannot remotely establish that anything with respect to the jury's note to the trial justice had any impact upon the verdict, the Supreme Court of Rhode Island's determination was not "contrary to, or involved an unreasonable application of clearly established Federal law."

Issue 4: In this claim Petitioner appears to reassert the various ineffective assistance of counsel contention that were rejected by the Rhode Island Supreme Court in Lyons v. State, 909 A.2d 490 (R.I. 2006). In so rejecting these various ineffective

assistance of counsel claims with respect to David Cicilline's representation of Petitioner, the Rhode Island Supreme Court determined:

> In her decision, the hearing justice addressed each of Lyons' allegations of ineffective assistance of counsel. In each instance, she found that the actions of counsel were a part of his trial strategy and further, that even had those instances risen to the level of deficient performance, no prejudice resulted from those errors.
>
> The centerpiece of Lyons' claim of ineffective assistance of counsel was trial counsel's failure to object to testimony from the state's expert witness identifying Lyons as the perpetrator. At trial, the witness, a nurse practitioner, was asked whether the victim indicated the nature of her complaint, and, in the course of that response, the nurse-practitioner reiterated that the victim named Lyons as the perpetrator. Trial counsel did not object or move to strike.
>
> Lyons highlights this omission as particularly important because, on direct appeal of the conviction, we said that "it would have been improper to allow the nurse-practitioner to repeat the name of the alleged perpetrator," but that because there was no objection or motion to strike, the issue was not preserved for appeal. *Lyons,* 725 A.2d at 275. In her decision on the petition for postconviction relief, the hearing justice found that "there would not have been any influence on the outcome of the case" had trial counsel made a timely objection. Our review of the hearing justice's decision is limited to determining whether the hearing justice "overlooked or misconceived material evidence" or otherwise arrived at a clearly erroneous decision. *McKenna,* 671 A.2d at 806. Although we suggested that allowing the identification testimony would have been error in the direct appeal, *Lyons,* 725 A.2d at 275, it does not necessarily follow that a failure to object to inadmissible testimony resulted in prejudice to defendant. The hearing justice's explanation that such objection would not have altered the outcome of the trial is sound, does not overlook evidence, nor is it clearly erroneous. Therefore, we reject this ground for Lyons' appeal.
>
> Lyons also contends that trial counsel's failure to object to the portion of the expert witnesses' testimony in which she said, "In my experience, very rarely are children making up these stories," was constitutionally deficient. In the direct appeal of this case, we addressed this testimony and held that, although the lack of an objection failed to preserve the issue for appeal, had the argument been properly preserved, Lyons would not have prevailed because the testimony did not rise to the level of improper vouching. *Lyons,* 725 A.2d at 276. Thus, we already have determined that this claimed omission by trial counsel did not result in prejudice to Lyons.

Consequently, the hearing justice's conclusion that an objection to this testimony would not have affected the outcome of the case was not clearly erroneous, nor did it overlook or misconceive material evidence.

Lyons also argues that trial counsel's failure to file a bill of particulars rendered his assistance constitutionally deficient. During her grand jury testimony, the complaining witness referred to incidents of molestation that took place in Providence and Coventry. Lyons maintained that a bill of particulars would have shown that he could not have been responsible for any events that took place in Providence and Coventry. But, in her decision, the hearing justice explained that the crimes for which Lyons was charged were committed in Warwick, and there was ample evidence supporting his conviction for those crimes. The hearing justice concluded that the mere fact that the complaining witness mentioned uncharged incidents in Providence and Coventry during her grand jury testimony did not necessitate the filing of a bill of particulars indicating the exact time and place of the charged crimes, all of which occurred in Warwick. The hearing justice also noted that the overwhelming evidence against Lyons negated any possibility that a bill of particulars could have changed the outcome. This finding also is supported by the record, and is not clearly erroneous.

Finally, Lyons maintained that trial counsel's failures in neglecting to move for a new trial, to call the victim's pediatrician as a witness, and to introduce reports from the Community Counseling Center were constitutionally deficient. The hearing justice rejected all three of these arguments. She found that the failure to move for a new trial was reasonable because trial counsel indicated he did not believe he could make a good-faith argument for a new trial. The hearing justice also saw little probative value in the potential testimony of the pediatrician, and found that the records from the counseling center would likely have damaged the defense-not helped it.

On the whole, the hearing justice found that trial counsel's decisions were tactical in nature. “This Court has made clear that mere tactical decisions * * * do not by themselves constitute ineffective assistance of counsel.” ***Toole v. State,*** 748 A.2d 806, 809 (R.I.2000).

After reviewing the record, we conclude that the hearing justice's findings are supported by the evidence in the record. The actions of trial counsel were part of a sound trial strategy and none of the alleged instances of misconduct could have resulted in prejudice to the defense. Therefore, the hearing justice was not clearly erroneous, nor did she overlook or misconceive material evidence. For the reasons stated in this opinion, we affirm the

> judgment of the Superior Court. The record in this case shall be remanded to the Superior Court.

(Lyons v. State, 909 A.2d at 492-94.)

With respect to these ineffective assistance of counsel determinations, the State of Rhode Island would respectfully suggest that the Supreme Court's determination did not "result[] in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d)(1).

For the above stated reasons, the State would respectfully move to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.*

**STATE OF RHODE ISLAND**
By Its Attorneys

,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman
**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 15th day of March, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and, I placed a copy of the within document in the U.S. mail, postage prepaid, to Kevin Michael Lyons, at his last known address of PO Box 8249, Cranston, Rhode Island, 02920.

/s/ Aaron L. Weisman