UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Kevin M Lyons

v C.A.-07-68s

A.T.Wall et al

PETITIONER OBJECT TO STATE MOTION TO DISMISS

Petitioner objects to states motion to dismiss and prays this court move for a full and complete hearing on his 28 U.S.C. § 2254 Writ

3/21/07
Date

Kevin M Lyons Pro/Se
Kevin M Lyons Pro/Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Kevin M Lyons

v C.A.-07-68s

A.T.Wall et al

MOTION IN SUPPORT OF OBJECTION TO
STATES MOTION TO DISMISS

Petitioner, Kevin M Lyons, Now comes before this Court to object to states motion to dismiss for the following reasons.

In states motion to dismiss, state has misdirected the Court in its view of the truth of Petitioners argument before the RI Supreme Court in their over view of the claims brought forward to this Court. The petitioner is raising (7) seven distinct issues in his §2254 not (6) six as stated by the state, and for claification the grounds are 1) The state Supreme Court did not address issue C. (of the Petitioners Pre-brief before the RI Supreme Court) to the jury Questions and its distinct and individuality as pertaining to the (RI) adversarial system of laws. 2) The jury's question itself calls into question the conviction, because of an essential element of the crime alleged is called into question. 3) Judge did err in questioning a jurors misconduct before the other jurors in open court. 4) That juror did prove that she was untruthful in her reply before the court in her talking to the alleged victim. 5) That trial Attorney was ineffective in his defense, prior to and during the trial of the defendant. 6) That there is Prosecutorial misconduct in the states Attorney Generals hiding exculpatory evidence from the defense. and 7) That the judge did (twice) commit judicial misconduct in 1) Questioning a juror in open court before the rest of the jury.2) Sentencing the defendant under the wrong statute. All of these issues were brought forward to the RI courts or brought forward to Post Conviction Appellant counsel in some cases appellant counsel refused to bring in pre brief to RI Supreme Court, but told petitioner all issues were preserved for federal court. All issue have been brought to lower courts in RI. Since the state claims issues 3, 5, 6, were never raised by the petitioner in either of his two appeals we need to address that this §2254 is in direct action to the RI Supreme Courts wrongful opinion of the denial of the Post Conviction Application and most of theses issues were not fully address until the Post Conviction hearings in 2004 and not raisable under R.I.G.L. until then, well after 1999 direct appeal decision. Not including that the states misdirection of its motion wrongfully numbering 6 issues in the wrong order where there are in fact 7 issues (see petitioner 28 usc §2254 petition)

Issue 1-2 Petitioner now does aver that the state did refuse to argue any aspects of issues 1-2 while under the states judicial system and only now try to confuse the federal court in its overt denial of the petitioners motion for Re-Argument that was received by the RI Supreme Court and wrongfully answered by the RI Supreme Court on 4 January 2007 (exhibit 8 2254 exhibits). Petitioner again does aver that both issues are very important and are separate from the ineffectiveness of counsel. Especially since it is pointed out in several areas of the petitioner post conviction that no one knew about the jury's question until after 2000, Thus it could not be directly tied to a bill of particulars or the Attorney ineffectivess.

Issue #3 That the judge erred in questioning a juror in open court was addressed in the petitioners Re-Argument before the RI Supreme Court under D. (see exhibit) petitioners §2254 pg 3 section D) proving that states motion to dismiss is frivolous as to issue #3.

Issue #4 That the juror did prove that she was untruthfull in her reply before the court (again in Re-Argument exhibit 7 petitioner §2254 pg 3 sect D). Showing that the states issue #4 memorandum pg 3) is incorrect and not the petitioners issue 4 at all. And because juror was reinstalled in jury that jury was tainted because of her lying in open court.

Issue #5 Was never address properly by state in its memorandum and petitioner does re assert his claim on this issue.

Issue #6 Was never address properly by the state in its memoradum and petitioner does re assert his claim at this time.

Issue #7 Was never addressed by the state and petitioner pray that this issue be accepted as truthful and fully accepted by court at this time.

Wherefore petitioner prays this Court to proceed to a full and complete hearing under Petitioner 28 USC § 2254 for Writ of Habeas Corpus by a person state custody.

3/21/07
date

[signature] Pro/Se
Kevin M Lyons Pro/Se

CERTIFICATION

I certify that one copy of this motion was sent by first class U.S. Mail to; The office of the Attorney General office at 150 South Main street, Providence,RI 02903, The office of A.T.Wall 40 Howard Avenue, Cranston,RI 02920 on this the 21 day of MARCH 2007.

[signature] Pro/Se

Name & Address Pro/Se