UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEVIN LYONS | : | |
| | : | |
| v. | : | C.A. No. 07-68S |
| | : | |
| A.T. WALL, et al. | : | |

**ORDER**

Pending before the Court for a report and recommendation is Kevin Lyon's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Document No. 1). The State was ordered (Document No. 2) to file a response to the Petition and it did so in the form of a Motion to Dismiss on March 15, 2007. (Document No. 3). Petitioner filed an Objection on March 26, 2007 (Document No. 6) and, on April 19, 2007, a Motion for an Evidentiary Hearing. (Document No. 7).

Petitioner sets forth seven grounds upon which he contends that his conviction on two counts of first-degree child molestation is unconstitutional. Petitioner's first and second grounds relate to a note from the jury, his third and fourth grounds relate to the trial judge's questioning of a juror and the juror's reply, his fifth ground alleges ineffective assistance of trial counsel, his sixth ground alleges prosecutorial misconduct, and, finally, his seventh ground alleges judicial misconduct. The State contends that Petitioner's third, sixth and seventh grounds were not presented to the State Court and thus are either unexhausted or procedurally defaulted. As to the remaining grounds, the State argues that they were all rejected on the merits by the Rhode Island Supreme Court and that its determination was not "contrary to, or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d)(1).

Rule 5(c) of the Federal Rules Governing Section 2254 Cases provides that the State's answer must:

> indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Although the State submitted a "record appendix" to the Court, the State has not provided any transcripts to the Court and did not identify what transcripts are available. The State shall, by July 31, 2007, submit a statement pursuant to Rule 5(c) as well as portions of the transcript, if any, that the State "considers relevant." The State shall also submit a list of the trial exhibits which includes a brief description of such exhibits.

SO ORDERED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 5, 2007

ENTER:

/s/ Jeannine Noel
Jeannine Noel
Deputy Clerk