**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEVIN M. LYONS** | : | |
| | : | |
| **v.** | : | **C.A. 07-68S** |
| | : | |
| **A.T. WALL, ET AL** | : | |

**STATE OF RHODE ISLAND'S RESPONSE TO THE JULY 5, 2007 *ORDER* OF THIS HONORABLE COURT**

On July 5, 2007, this Court ordered that the State of Rhode Island 1) submit a statement pursuant to Rule 5(c) of the Federal Rules Governing Section 2254 Cases,[1] 2) submit those portions of the transcript, if any, which the State considers relevant, and 3) submit a list of the trial exhibits which includes a brief description of such exhibits. (July 5, 2007 *Order* of this Court.) In compliance with this Order, the State respectfully submits the following:

1. The transcripts of the Defendant's trial (from pages, 1-358) were in the Rhode Island Superior (for Kent County) Clerk's Office. The State obtained, through Court Order, such transcripts, and is providing a copy of such to this Honorable Court. As far

---

[1] Rule 5(c) of the Federal Rules Governing Section 2254 cases provides that the State's answer to a Section 2254 case must:

> "indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded by not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence."

as the transcripts relating to the postconviction relief proceedings, while the State understands that transcripts had been made, the State has of this time not been able to secure such transcripts. If requested by this Honorable Court, the State will make further inquires with respect to the whereabouts of those transcripts, so as to be able to provide the same to this Court if requested.

2. The portion of the transcript which the State considers relevant to the above-captioned action, are pages 151-52, 159-64 of the trial transcript. These transcript pages were referenced in the Prebriefing Statement filed by the State in the Defendant's appeal of the Superior Court's denial of his postconviction relief action.

3. The trial exhibits entered at Defendant's trial, as described, in the Index to the transcript of the Defendant's trial, are: i) with respect to the State's Exhibits: 1) a Statement of Anselmo, 2) a statement of McNally; 3) a Rhode Island Hospital Report; 4-7) a Rhode Department of Children, Youth and Families interview of the Defendant. ii) With respect to the Defendant's Exhibits: A) a Rhode Island Hospital Report; B) a "Golden Judgment"; and C) a "Golden Indictment".

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/Aaron L. Weisman___
**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 19th day of July, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to the following on the same date:

Kevin Lyons
P.O. Box 8274
Cranston, RI 02920

/s/Aaron L. Weisman___