UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Kevin M. Lyons
v C.A. 07-68s
A.T.Wall

MOTION FOR BAIL
PENDING APPEAL

Now comes the Petitioner, Kevin M. Lyons, before this Court to ask for Bail Pending Appeal as proposed in 18 USC 3143 (b) (B) (i) (ii).

Petitioner will press in memorandum and briefly here that by previous case law in the 1st circuit has already decided in the petitioners favor to overturn in all cases of the same issue, presented by the Petitioner, and Petitioner should be released on Bail Pending the substantial question of law now before the Court.

Wherefore, the Petitioner should be immediately released on bail until the Courts have completely overturn the Petitioners case.

10/4/07
date

Respectfully Submitted
K M Lyons Pro/Se
Kevin M Lyons Pro/Se

United States District Court
for the District of Rhode Island

Kevin M. Lyons
vs CA 07-685
A.T. Wall

Memorandum in Support
of Notion for Bail Pending Appeal

Now comes the petitioner, Kevin M. Lyons, before this court with a memorandum of Law in support of his motion for Bail Pending Appeal under 28 USC 2254 as shown below.

**I.** Petitioner presses that the issues before this court are not of first impression and are divided facts in case Law.

The second circuit prescribed the steps that should be followed when a jury's note is forwarded from the Jury to the Justice of the Court. As directed in trial instruction to the jury Rule #30 and Rule 43 (a) In rules of criminal procedure federal court. In United States v. Ronder 639 F2d 931 (1981) and adopted in the First Circuit in U.S. v. Maraj 947 F2d 520 (1st Cir 1991). The 4 step process is clear and unambiguous in its format. (Ronder Supra @ 934)

Since this format has been adopted in the first circuit in whole the petitioner is now completely within his rights under 18 USC 3143 (b) (B) (i) (ii). The petitioner is pressing that the note from his jury was never addressed and the rules as to a jury note were not followed thus violating his rights under both rules of said crim. proc. #30 and 43(a) Opening this court to already settled law.

**II.** Petitioner also shows that by the states own adoption of the federal courts rules of criminal procedure it has violated his rights to a full and fair trial by his peers and by not following the prescribed rules the jury was brushed aside in its inquiry of essential elements of the crime which the petitioner was being tried for. Because of the inaction of the court in the proper format of the jury's note, the jury was left to its own on such a crucial junction that it was forced to accept things outside the jury's jurisdiction and tainted the petitioner in his pursuit of innocence before that court.

As the state pressed so vigorously in State v. Luanglath 863 A2d 631(RI 2005) when only a part of a jury's note was not addressed properly they overturn the case for a new trial Luanglath Supra @643. How could they not overturn the petitioner's case when none of the jury's note was proper addressed by the court. Also in violation of R.I. rulers of crim. procedure #30 and 43(a). Which are extensions of the Federal Rules of Crim. procedure adopted by the Rhode Island Judicial.

Wherefore the petitioner ask this court to place the petitioner on his original bail of $100,000.00 Personal Recognizance as documented on 9/23/93. And any other restrictions this court deems applicable.

Respectfully Submitted

_______________
Date

_______________
Kevin M. Lyons Pro/Se

CERTIFICATION

I certify that one copy of this motion was sent by first class U.S. Mail to; The office of the Attorney General office at 150 South Main street, Providence,RI 02903. The office of A.T.Wall 40 Howard Avenue, Cranston,RI 02920 on this the 4 day of OCT 2007.

Kevin M Lyons Pro/Se

Kevin M Lyons Pro/Se