EXHIBITS # 1



3085; Pub.L. 109-248, Title II, § 216, July 27, 2006, 120 Stat. 617; Pub.L. 109-304, § 17(d)(7), Oct. 6, 2006, 120 Stat. 1707.)

### HISTORICAL AND STATUTORY NOTES

**References in Text**

Section 102 of the Controlled Substances Act, referred to in subsec. (c)(1)(B)(ix), is classified to section 802 of Title 21, Food and Drugs.

Section 101(a)(20) of the Immigration and Nationality Act, referred to in subsec. (d)(1)(B), is classified to section 1101(a)(20) of Title 8, Aliens and Nationality.

The Controlled Substances Act, referred to in subsecs. (e) and (f)(1)(C), is Title II of Pub.L. 91-513, Oct. 27, 1970, 84 Stat. 1242, which is classified principally to subchapter I (section 801 et seq.) of chapter 13 of Title 21, Food and Drugs. For complete classification of this Act to the Code, see Short Title note set out under section 801 of Title 21 and Tables volume.

The Controlled Substances Import and Export Act, referred to in subsecs. (e) and (f)(1)(C), is Title III of Pub.L. 91-513, Oct. 27, 1970, 84 Stat. 1285, which is classified principally to subchapter II (section 951 et seq.) of chapter 13 of Title 21. For complete classification of this Act to the Code, see Short Title note set out under section 951 of Title 21 and Tables volume.

Chapter 705 of title 46, referred to in subsecs. (e) and (f)(1)(C), is Maritime Drug Law Enforcement, 46 U.S.C.A. § 70501 et seq.

**Effective and Applicability Provisions**

**1990 Acts.** Amendment by sections 3622, 3623 and 3624 of Pub.L. 101-647 effective 180 days after Nov. 29, 1990, see section 3631 of Pub.L. 101-647, set out as a note under section 3001 of Title 28, Judiciary and Judicial Procedure.

**1986 Acts.** Amendment by section 55 of Pub.L. 99-646 effective 30 days after Nov. 10, 1986, see section 55(j) of Pub.L. 99-646, set out as a note under section 3141 of this title.

**Abolition of Immigration and Naturalization Service and Transfer of Functions**

For abolition of Immigration and Naturalization Service, transfer of functions, and treatment of related references, see note set out under 8 U.S.C.A. § 1551.

**Prior Provisions**

A prior section 3142, Act June 25, 1948, c. 645, 62 Stat. 821; June 22, 1966, Pub.L. 89-465, § 5(c), 80 Stat. 217, relating to surrender by bail, was repealed by Pub.L. 98-473, Title II, c. 1, § 203(a), Oct. 12, 1984, 98 Stat. 1976. See section 3149 of this title.

## § 3143. Release or detention of a defendant pending sentence or appeal

**(a) Release or detention pending sentence.**—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

**(b) Release or detention pending appeal by the defendant.**—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsec-