EXHIBIT 2



and concern to look after his client, steps over line of proper argument during closing argument by denouncing, at least by implication, fairness of rule that permits counsel or government both to open and close final argument. United States v Braziel (1980, CA5 Fla) 609 F2d 236.

Trial judge did not abuse his discretion in refusing cautionary instruction where defense counsel refused court's offer to respond by way of surrebuttal summation after counsel had sufficient time to confer and review trial transcript and exhibits forming basis of Government's computation constituting surprise reply summation, but instead asked for curative instruction. United States v Gleason (1979, CA2 NY) 616 F2d 2, 5 Fed Rules Evid Serv 373, cert den 444 US 1082, 62 L Ed 2d 767, 100 S Ct 1037 and cert den 445 US 931, 63 L Ed 2d 764, 100 S Ct 1320.

Rule 29.1 does not supersede local rule which is not inconsistent or incompatible with Rule 29.1 in specific circumstance where defendant presents no evidence. United States v Ferretti (1980, CA3 Pa) 635 F2d 1089, on remand (ED Pa) 508 F Supp 913.

In narcotics prosecution, defendants are not entitled to surrebuttal, where prosecutor's rebuttal argument addressed only those issues raised by defendants during closing arguments. United States v Sarmiento (1984, CA11 Fla) 744 F2d 755, 78 ALR Fed 1.

Defendant was not prejudiced by allegedly improper rebuttal closing argument of prosecution on ground that since no defense was made, local rule permitted defendant to make last argument to jury where Board of Judges had repealed such local rule in order to comply with Rule 29.1 which, upon repeal of local rule, was made applicable prior to its effective date in view of fact that defense counsel was given notice at close of Government's case of new sequence of closing arguments. United States v Smith (1976, ED Pa) 410 F Supp 1256.

## Rule 30. Instructions

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to all parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury. The court may instruct the jury before or after the arguments are completed or at both times. No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.
(Amended July 1, 1966; Aug. 1, 1987; Aug. 1, 1988.)

### HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Other provisions:**

**Notes of Advisory Committee on Rules.** This rule corresponds to Rule 51 of the Federal Rules of Civil Procedure, 28 USC, Appendix, the second sentence alone being new. It seemed appropriate that on a point such as instructions to juries there should be no difference in procedure between civil and criminal cases.

**Notes of Advisory Committee on 1966 Amendments to Rules.** The amendment requires the court, on request of any party, to require the jury to withdraw in order to permit full argument of objections to instructions.

**Notes of Advisory Committee on 1987 Amendments to Rules.** In its current form, Rule 30 requires that the court instruct the jury after the arguments of counsel. In some districts, usually where the state