UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEVIN M. LYONS :
:
v. : C.A. No. 07-68S
:
A.T. WALL, et al. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before this Court is Kevin M. Lyons' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner was convicted in 1996 on two counts of first-degree child molestation in the Rhode Island Superior Court, and his conviction was subsequently affirmed by the Rhode Island Supreme Court ("RISC"). In his Petition, Petitioner challenges his conviction on seven grounds, including some that are unexhausted. See generally Document No. 1.

Lyons filed his Petition pro se on February 21, 2007. (Document No. 1). The State of Rhode Island (the "State") filed a timely response to the Petition on March 15, 2007 in the form of a Motion to Dismiss. (Document No. 3). The Motion to Dismiss has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). The Court has reviewed the materials filed and has determined that no hearing is necessary.[1]

---

[1] Although Petitioner "does not ask for discovery nor to expand the record at this time," he moves for an evidentiary hearing. (Document No. 7). Petitioner does not, however, offer any explanation as to why an evidentiary hearing is necessary or the factual issues to be resolved at such hearing. Further, after reviewing the parties' filings in this case, I have not identified any relevant factual issues which would warrant an evidentiary hearing. Accordingly, I exercise the Court's discretion to DENY Petitioner's request. See Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) ("A district court may forego such a hearing when the movant's allegations, even if true, do not entitle him to relief, or...[when] the movant's allegations 'need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.'")

After reviewing the Petition, the State's Motion to Dismiss and Petitioner's Objection,[2] I recommend that the State's Motion to Dismiss (Document No. 3) be GRANTED and the Petition for Writ of Habeas Corpus (Document No. 1) be DISMISSED WITH PREJUDICE as lacking legal merit.

**Facts and Travel**

In 1993, Petitioner was indicted of three counts of child molestation relating to incidents involving his former girlfriend's daughter. The molestation allegedly occurred during a period when Petitioner lived with the victim and her mother in Warwick. The victim was seven and eight years old at the time. Count I charged Petitioner with sexual intercourse assault, and Counts II and III charged Petitioner with fellatio assault. Following a jury trial in the Rhode Island Superior Court, Petitioner was convicted of Counts I and II. Count III was dismissed pursuant to Rule 48(a), R.I. Super. Ct. R. Crim. P. Petitioner was sentenced to concurrent terms of fifty years at the ACI – twenty-five years to serve, and the remainder suspended. The RISC affirmed his conviction on January 15, 1999. See State v. Lyons, 725 A.2d 271 (R.I. 1999). Following the RISC's decision, Petitioner filed a Motion for Post-conviction Relief, alleging the ineffective assistance of his trial defense counsel, David Cicilline. The Rhode Island Superior Court denied that motion, and the denial was upheld by the RISC on November 10, 2006. See Lyons v. State, 909 A.2d 490 (R.I. 2006). Petitioner now seeks federal habeas corpus review of his conviction, alleging several constitutional deficiencies.

---

[2] Pursuant to my Order of July 5, 2007 (Document No. 10), the State submitted a copy of the trial transcript (Document No. 12), and Petitioner submitted a copy of the transcript of the hearing on his Motion for Post-conviction Relief. These transcripts have been read by me in their entirety and fully considered in rendering this Report and Recommendation.

Petitioner sets forth seven grounds upon which he contends that his conviction is unconstitutional. Petitioner's first and second grounds relate to a note from the jury; his third and fourth grounds relate to the trial justice's questioning of a juror regarding alleged juror misconduct; his fifth ground alleges ineffective assistance of trial counsel; his sixth ground alleges prosecutorial misconduct; and, finally, his seventh ground alleges judicial misconduct. See Document 1. The State contends that Petitioner's third, fourth, sixth and seventh grounds were not presented to the State Court and thus are either unexhausted or procedurally defaulted.[3] As to the remaining grounds (the first, second and fifth), the State argues that they were all rejected on the merits by the RISC and that the RISC's determination was not "contrary to, or involved an unreasonable application of, clearly established Federal law...." 28 U.S.C. § 2254(d)(1).

**Discussion**

**A. Standard of Review**

With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254, Congress restricted the power of federal courts to grant habeas relief to prisoners. See 28 U.S.C. § 2254. As a prerequisite to filing a habeas claim in federal court, a state court prisoner must have exhausted all available state court remedies with respect to each claim raised in the federal petition. See 28 U.S.C. § 2254(b)(1)(A) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State....").

[3] The State's Motion to Dismiss actually states that Petitioner's "third, sixth and seventh" claims are procedurally defaulted; however, when the Motion is read in its entirety, it is apparent that the State is arguing that Petitioner's third, *fourth*, *fifth* and seventh grounds were procedurally unexhausted. See Document 3.

Moreover, this Court is guided in the consideration of Petitioner's claims by 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;....

The Court looks to McCambridge v. Hall, 303 F.3d 24 (1st Cir. 2002), for its guidance on applying the "unreasonable application" portion of § 2254(d)(1). McCambridge states that "'some increment of incorrectness beyond error is required'...[in an amount] great enough to make the [state court's] decision unreasonable in the independent and objective judgment of the federal court." Id. at 36 (quoting Francis S. v. Stone, 221 F.3d 100, 111 (2nd Cir. 2000)). For example, a federal court may find a decision of a state court to be "unreasonable" if that decision is "devoid of record support for its conclusions or is arbitrary." Id. at 37 (citing O'Brien v. Dubois, 145 F.3d 16, 25 (1st Cir. 1998)). In Williams v. Taylor, 529 U.S. 362, 411 (2000), the Supreme Court noted that an "incorrect" application of federal law is not necessarily tantamount to an "unreasonable" one: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

Another category of state court errors that may be remedied on federal habeas review involves unreasonable determinations of fact. See 28 U.S.C. § 2254(d)(2). Under this standard, the state court's factual findings are entitled to a presumption of correctness that can be rebutted only

by clear and convincing evidence to the contrary. Mastracchio v. Vose, 274 F.3d 590, 597-598 (1st Cir. 2001) (describing burden on habeas petitioner as a "high hurdle"). In this case at bar, Petitioner does not argue that the factual findings of the state courts were arbitrary or unreasonable, and thus, this Court must presume the factual findings of the Rhode Island Supreme and Superior Courts to be correct. Accordingly, there are no unresolved issues of material fact present, and the Court may resolve Petitioner's habeas challenge as a matter of law.

"To state a federal habeas claim concerning a state criminal conviction, the petitioner must allege errors that violate the Constitution, laws, or treaties of the United States." Evans v. Verdini, 466 F.3d 141, 144-145 (1st Cir. 2006) (citations omitted). "[F]ederal habeas corpus relief does not lie for errors of state law...." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Thus, in order for this Court to grant a writ of habeas corpus to Petitioner, the Court must conclude that the RISC's decision to deny post-conviction relief "was contrary to, or involved an unreasonable application of, clearly established Federal law." See 28 U.S.C. § 2254(d). Moreover, because the State court's application of federal law is challenged, this Court may only grant habeas relief if the State court decision was "not only erroneous, but objectively unreasonable." See, e.g., Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Having set forth the applicable federal law, the Court now considers each of the grounds stated in the Petition, first looking at those claims which were either procedurally exhausted or excused from the requirement of exhaustion because the claims were not discovered until after sentencing.[4]

[4] Petitioner asserts that he did not become aware of the jury note until the "start of [p]ost [c]onviction proceedings." See Document No. 1 at 5. The State does not dispute this assertion.

**1. The Jury Note (Grounds One and Two)**

Petitioner's first and second grounds relate to a note allegedly sent to the trial justice by the jury during deliberations but "was never addressed by the Court, the Prosecutor, Defendant nor his Attorney...." (Document No. 1 at 8). The note is dated February 22, 1996 and has a Superior Court Clerk's file stamp indicating that it was filed on February 23, 1996.[5] The two-sided note reads as follows:

> We presently have #1 Golden Indictment Exhibit C FULL, #2 Judgment and Disposition Exhibit B FULL, #3 RI Hospital Med Record (1985) Exhibit A FULL. Are you saying that is all we can have. If not would you please let us have all the exhibits. Please advise. Thank you. /s/ (over) We are specifically looking for the nurse report as well as a time line as to where they lived and at what dates. /s/ Sorry about the hand writing!!

Petitioner argues that the trial justice never responded to this note and that "the jury's [q]uestion itself calls into [q]uestion the conviction because of an essential element of the crime alleged is called into question." (Document No. 1 at 7). Petitioner contends that "the jury was forced to deliberate without proper information and to convict outside the scope of the crime." Id. at 8. This argument relates to one of Petitioner's main defenses at trial that any physical evidence of penetration of the victim was not attributable to him, but rather, was attributable to an individual named Norman Golden, who was indicted of unlawful "sexual contact" with the same minor victim.[6]

---

[5] There is no indication in the record as to whether or not the note was responded to in open court by the trial justice or even received by the trial justice.

[6] Mr. Golden was indicted of unlawful "sexual contact" with the same minor victim in East Providence between January 1, 1990 and December 31, 1992. See Ex. 11 to Petition. This overlapped with the time frame charged in Petitioner's indictment, i.e., between January 1, 1987 and December 31, 1990.

See Ex. 11 to Petition (Norman Golden Grand Jury Indictment). During trial, Petitioner "testified in his own defense and denied that he ever molested [the victim]." State v. Lyons, 725 A.2d at 272.

Petitioner raised the issue of the jury note in his Superior Court petition for post-conviction relief. See Ex. 3 to Petition. During the Superior Court hearing on such petition, Petitioner testified that the time line question posed in the jury's note was "part of the reason why...a motion for a bill of particulars should have been required...to narrow th[e] time frame down." Tr. of May 26, 2004 hearing at 21. He also raised the issue in his subsequent post-conviction appeal to the RISC. See Ex. 5 to Petition at 6-7. However, Petitioner raised the jury note issue in the context of his ineffective assistance of counsel claim challenging the trial counsel's failure to file a bill of particulars. Id. at 7. Thus, although the RISC did not specifically discuss the jury note in its decision, it indirectly addressed the "time line" issue when it rejected Petitioner's bill of particulars argument. See Lyons v. State, 909 A.2d at 493. Petition filed a pro se motion for rehearing and again raised the jury note issue. See Ex. 7 to Petition.

In United States v. Sabetta, 373 F.3d 75, 78 (1st Cir. 2004), the First Circuit explains the preferred practice for handling a jury question:

> In this circuit, the preferred practice for handling a jury message should include these steps: (1) the jury's communique should be reduced to writing; (2) the note should be marked as an exhibit for identification; (3) it should be shown, or read fully, to counsel; and (4) counsel should be given an opportunity to suggest an appropriate rejoinder. If the note requires a response ore tenus, the jury should then be recalled, the note read into the record or summarized by the court, the supplemental instructions given, and counsel afforded an opportunity to object at side-bar.

There is no indication in the record, that the trial justice's handling of the jury note conformed to the "preferred practice."[7] Assuming the trial justice even received the jury question, there is no reference in the trial transcript to him marking it as an exhibit, showing or reading it to counsel, or providing counsel the opportunity to suggest an appropriate response to the jury.

However, the First Circuit has also held that even in a situation where a judge acts in a manner contrary to "preferred practice," a trial judge's error will not require reversal if the error is harmless. See United States v. Parent, 954 F.2d 23, 25 (1st Cir. 1992) (holding a trial court's error in failing to inform counsel about a jury note will not require reversal if the error is harmless). This circuit has not yet taken a position on which of the two harmless error standards applies when a trial court fails to disclose or respond to a note from a deliberating jury. See id. at 25 n.5; United States v. Maraj, 947 F.2d 520, 526 (1st Cir. 1991). The stricter standard asks whether the error was harmless beyond a reasonable doubt, see Chapman v. California, 386 U.S. 18, 24 (1967), while the more lenient standard asks whether the error had substantial and injurious effect or influence on the judgment, see Kotteakos v. United States, 328 U.S. 750, 776 (1946). This Court, however, need not decide which standard applies, as the error in this case was harmless under either standard.

The jury note inquired as to whether the jury had before them all the appropriate exhibits, and "if not would you please let us have all the exhibits". See Ex. 9 to Petition. More specifically, the jury asked whether they were supposed to have an exhibit of "the nurse report as well as a time

---

[7] Although counsel for Petitioner testified that "standard practice" in Superior Court is to read jury questions in open court and to incorporate the response in the record, Petitioner's trial counsel speculated at his deposition that, if "all of the exhibits were in the jury room," the trial judge may "have told the sheriff just tell the jury they have everything they're permitted to have, and that might not be put on the record if it was done during a break." See Ex. 7 to Petition (Cicilline Dep. at 25-26). Trial counsel testified that was not the "better practice" but "wouldn't necessarily be unusual." Id.

line as to where they lived and at what dates." Id. The trial transcript definitively reveals that the jury had before them all of the "full" exhibits, e.g., those admitted into evidence by the trial justice. The State presented seven exhibits during trial. (Trial Tr. at 73, 133, 241, 257-260). All seven exhibits were marked for identification but neither party ever moved for their admission into evidence as full exhibits. Id. The defense presented three exhibits during trial. Id. at 263, 293, 297. All three of these exhibits were admitted as full exhibits on motion of defense counsel. Id. at 266-267, 294, 297.

Here, the exhibits referenced by the jury in its note were not received or admitted in full at trial, and thus could not have been before the jury. See McCormick on Evidence § 220, at n.2 (6th ed. 2006) ("It is uniformly viewed as improper to permit the jury to take with it items not admitted.") (citations omitted). The trial transcript indicates that the only exhibits admitted in full were Defense Exhibits A, B and C. These are the same three exhibits that the jury states they have. In particular, the jury note states: "We presently have #1 Golden Indictment Exhibit C FULL, #2 Judgment and Disposition Exhibit B FULL, #3 RI Hospital Med Record (1985) Exhibit A FULL." See Ex. 9 to Petition.

Thus, although it would have been "preferred practice" for the trial justice to follow the above-stated procedure (assuming she actually received the note), the failure to follow such proper procedure was harmless error in this case. Even if the trial justice had followed the procedure, she would have simply informed the jury that they had all the exhibits they were supposed to have. The fact that the trial justice may not have informed the jurors of this could not have changed the outcome. With or without a response, there were no exhibits withheld from the jury.

In conclusion, after a review of the record, including the trial transcript, this Court finds the trial justice's failure to answer the jury's note, under the particular circumstances of this case, was harmless error, and thus Petitioner has failed to establish that the RISC's failure to vacate his conviction on this ground was an unreasonable application of clearly-established Federal law.

**2. Ineffective Assistance of Counsel (Ground Five)**

Petitioner also alleges that his trial counsel was "[i]neffective in his defense prior to and during the trial of the defendant." (Document No. 1 at 16). Petitioner alleges six reasons to support his claim.[8] The federal law at issue is the law governing the right to effective assistance of counsel. The RISC correctly analyzed Petitioner's ineffective assistance of counsel claim under the two-part analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Lyons v. State, 909 A.2d at 492. The first part of the test considers whether counsel's performance was "deficient." In order to determine whether the performance was deficient, the Court queries whether the attorney "made errors so serious" that he was "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment...." Strickland, 466 U.S. at 687. The Court is obligated to be "highly deferential" in its review of counsel's performance, and, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. If the Court is nevertheless convinced that counsel was deficient, the petitioner must then satisfy the second part of the test and demonstrate that counsel's errors caused prejudice to the defense. The showing of

[8] His allegations are as follows: (1) counsel failed to file bill of particulars, (2) counsel did not motion for mistrial during judge's questioning of juror, (3) counsel failed to properly object at trial making certain issues not reviewable on appeal, (4) counsel failed to file motion for new trial after informing court that he would be, (5) counsel failed to file a motion to dismiss the indictment because of overlapping indictment of another individual for the same alleged crime and victim who pled guilty, and (6) counsel did not properly cross-examine state's expert nurse witness.

prejudice requires demonstration "that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable." Id. at 687.

Moreover, there is a strong presumption that counsel's conduct falls within wide range of reasonable professional assistance; that is, defendant must overcome the presumption that, under those circumstances, the challenged action might be considered sound trial strategy. Id. at 689; see, e.g., Lyons v. Rhode Island, 880 A.2d 839, 842 (R.I. 2005) ("tactical decisions by trial counsel, even if ill-advised, do not by themselves constitute ineffective assistance of counsel") (citations omitted).

Although trial counsel's strategy turned out to be unsuccessful for both first-degree child molestation charges of which Petitioner was convicted, that hindsight does not give the Court the ability to declare defense counsel's strategy to be ineffective assistance of counsel. See Wiggins v. Smith, 539 U.S. 510, 523 (2003) ("[E]very effort [must] be made to eliminate the distorting effects of hindsight") (citation omitted); Yarborough, 540 U.S. at 8 ("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight"). Given the overall thoroughness of defense counsel, and the deference this Court must pay to counsel's formulation of defense strategy, this Court cannot hold that counsel's strategic decisions constituted ineffective assistance of counsel or that the RISC's decision on this ground resulted in a decision contrary to clearly-establish federal law.

As stated by the RISC, the decision not to file a bill of particulars was not prejudicial to Petitioner, and even if counsel had filed a bill of particulars, it would not have changed the outcome at trial. Lyons v. State, 909 A.2d at 493. Defense counsel's decision not to move for a new trial was also deemed a reasonable trial strategy, as counsel indicated he did not believe he could make a

good-faith argument. Id. As to defense counsel's failure to object to certain evidence, the RISC agreed with the Rhode Island Superior Court's determination that such omissions did not result in prejudice to Petitioner, and Petitioner has not shown that such decision was an unreasonable application of federal law. See id. at 492-493.

Petitioner's fifth allegation challenging defense counsel's failure to file a motion to dismiss indictment as ineffective assistance because another person pled guilty to a similar crime against the same victim, during the same time frame is meritless.[9] This allegation was indirectly addressed by the RISC when it rejected Petitioner's bill of particulars argument. See Lyons v. State, 909 A.2d at 493. Petitioner claimed that the bill of particulars would have shown that he was not responsible for the events taking place in Providence and Coventry; however, as stated by the RISC, the only crimes for which Petitioner was charged were committed in Warwick, and there was ample evidence to support his conviction for those crimes. Id. Thus, defense counsel's failure to file a bill of particulars did not prejudice Petitioner. Id.

Petitioner's sixth allegation is that defense counsel failed to properly cross-examine the State's expert witness and caused her testimony to rise to the level of vouching.[10] Although, defense counsel did not preserve the issue for appellate review, it did not prejudice Petitioner because it would not have amounted to vouching. See Lyons v. State, 725 A.2d at 275-276.

[9] Petition states in paragraph 5 of Ground Five that counsel failed to file a motion to dismiss the indictment because of overlapping indictment of "other individual of same alleged victim, whom plead guilty...." (Document No. 1at 16).

[10] In paragraph 6 of Ground Five, Petition states counsel did not properly cross-examine state's expert nurse witness. (Document No. 1 at 16).

The RISC's decision on this ground did not result in an unreasonable application of clearly-established federal law. It thoroughly reviewed defense counsel's conduct and found that his actions were part of his trial strategy and further, that even if his conduct had risen to the level of deficient performance, no prejudice resulted.

**3. Judge's questioning of a Juror regarding Contact with Victim (Grounds Three and Four)**

Petitioner's third and fourth grounds relate to the trial justice's handling of alleged juror misconduct. See Document No. 1 at 11-15. Specifically, Petitioner alleges that the trial justice erred when she questioned a juror "in open court" in front of "the jury, the prosecution, the defense and the whole gallery." Id. He claims this "conduct was not properly done and cause[d] harm to the defendant in its perceived attack on the jury as a whole by the defense." Id. Moreover, Petitioner states that the juror lied and was untrustworthy in response to the trial justice's questions.

As contended by the State, and is apparent from both RISC decisions, this issue was not raised on direct appeal nor in Petitioner's post-conviction proceedings. See Lyons v. State, 725 A.2d 271; Lyons v. State, 909 A.2d 490. This unexhausted claim renders the Petition "mixed." The Supreme Court previously held that a "mixed" habeas petition is not reviewable by federal district courts because doing so would deprive states of the first opportunity to decide a claim. Rose v. Lundy, 455 U.S. 509, 514 (1982). More recently, however, the Court has clarified its position on such "mixed" habeas petitions. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court may issue a "stay and abeyance" order which would allow a petitioner to present his unexhausted claims to the state court and then to return to federal court for review of his

perfected habeas petition. However, such an order is to be made at the discretion of the particular district court and should be "available only in limited circumstances." Id. at 277.

Granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, and thus a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Moreover, a district court would "abuse its discretion" if it were to grant a stay to a petitioner "when his unexhausted claims are plainly meritless." Id.; see also 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

In response to why Ground Three was not raised on direct appeal, Petitioner answered: "was not raised until post conviction relief application." Document No. 1 at 10. Such a response plainly does not demonstrate good cause, and thus this Court need not determine whether the claim was without merit. As to Ground Four, Petitioner claims it was not brought on direct appeal because his "lawyer didn't want to bring it[s] forward." Id. at 13. Similarly, the fact that his lawyer chose not to bring the claim, plainly does not demonstrate good cause. Moreover, this explanation, along with an examination of the trial transcript, leads this Court to conclude that the claim was also meritless, as the claim was waived due to defense counsel's failure to object to the trial justice's questioning of the juror during trial.

In conclusion, this Court finds that Grounds Three and Four, both of which related to the trial justice's questioning of alleged juror misconduct, are "procedurally defaulted" or "procedurally

barred" on federal habeas corpus review. See Wainwright v. Sykes, 433 U.S. 72 (1977); United States v. Frady, 456 U.S. 152 (1982); Bousley v. United States, 523 U.S. 614 (1998).

**4. Prosecutorial Misconduct (Ground Six)**

Petitioner also alleges "prosecutorial misconduct in the state[']s attorney generals hiding exculpatory evidence from the defense." Document No. 1 at 19. The Petition states that the State mentioned certain evidence "in its indictment and opening statements" that were going to be used "to prove the state[']s case;" however, Petitioner alleges those documents were never turned over to the defense. Id. Specifically, he points to certain medical records, a roll of 35 mm film, colposcopy scope pictures, and a video tape, all of which he claims were possessed by the State, but never turned over to the defense. Id.

Petitioner concedes that he failed to raise the issue in both direct appeal and post-conviction appeal. Id. at 18. He states the "[i]ssue could not be raised on direct appeal," id. and his post conviction relief attorney "refused to raise issue." Id. at 20. Neither of these excuses constitutes good cause, and thus Ground Six is also procedurally barred on federal habeas corpus review. Moreover, the trial transcript indicates that defense counsel acknowledged that much of the evidence in question did not actually exist and thus could not have been provided to the defense. See Trial Tr. at 2-4.

**5. Judicial Misconduct - Sentencing Under Wrong Statute (Ground Seven)**

Finally, Petitioner claims to have been sentenced under the wrong statute. See Document No. 1 at 22. He claims the sentencing judge sentenced him as though he was convicted of "sexual assault" and not "child molestation."

This claim is also unexhausted, and Petitioner has not demonstrated good cause for his failure to raise it earlier. Again, Petitioner's only excuse for not exhausting this claim is that his post-conviction attorney refused to do so. Moreover, this claim is meritless. The sentencing judge recognized that Petitioner was convicted of "first degree sexual assault" upon a victim "between the ages of 8 and 9" and sentenced him accordingly. See Ex. 25 to Petition (Sentencing Tr. at 10). Regardless of the language used by the sentencing judge, Petitioner was sentenced for the crime the jury found him guilty of, which was "first degree child molestation sexual assault" of a victim age 14 or under as defined in R.I. Gen. Laws § 11-37-8.1. There is no error.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 3) be GRANTED and that Petition (Document No. 1) be DISMISSED WITH PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 31, 2007