UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Kevin M. Lyons
V.
A. T. Wall

CA. NO. 07-68s

OBJECTION TO MAGISTRATE ALMONDS
REPORT AND RECOMMENDATION

Now comes the Petitioner, Kevin M. Lyons, to object to the Magistrates Report and Recommendation in regards to several avenues that he presents, and asks this Court to reject his Report and recommendation and to proceed to a full Evidentiary Hearing at this time, for the reason set forth in the attached Memorandum of Law.

Respectfully Submitted

Kevin M. Lyons Pro/ Se

United States District Court
for the District of Rhode Island

Kevin M. Lyons
V.
A. T. Wall

CA. NO. 07-685

Memorandum In Support
of Petitioners objection to Magistrates
Report and Recommendation

I. Introduction

The petitioner, Kevin M. Lyons, does hereby present the reasons for his objection to the Magistrates report and recommendation as pursuant to 28 USC 2254 Rules, Rule #8 (b) (3).

II. Jurisdiction

Petitioner does aver that this court enjoys full and complete jurisdiction in this matter under 28 USC 2254 Habeas Corpus proceeding.

III. Argument In Brief

Petitioner will prove that he is entitled to an Evidentiary Hearing in the Habeas Action before the United States District Court for the District of Rhode Island as a State prisoner pressing his Rights to Constitutional protection against unlawful conviction in the State Courts. He can prove his innocence and has called upon the U.S. Federal District Court to do so. Because the standards are skewed in the R.I. Department of Corrections (D.O.C.) for access to the federal courts, as all case Law and Federal Law books are not available to inmates at the John J. Moran Medium Security Facility. There is also a problem as to the reliability of the books because no books are dated any earlier than 10 March, 2000. Thus when Magistrate Almond quotes from Case Law from 2002, 2003 or earlier, the Petitioner has no access to said Case Law to respond completely. But will try.

First the Petitioner does aver that there are material facts that are unresolved and must be decided by an evidentiary hearing such as; actual innocence: Medical Testimony Relevancy; What is the Domain of the Jury; Clarification of the records presented and the States exhibits presented to the Federal Court.

Secondly that the issue of first impression before the Court as to the "Jury question" not being addressed at all, deserves more than a nonchalant brush over without full scope of its importance.

Thirdly that the petitioner was instructed not to place Case Law or Laws into his application and is never asked at any time preceding the application to expand upon said application. The Petitioner was misled to believe that he would have an opportunity to verbally clarify his position in a positive manner as he is not an Attorney nor

a Paralegal he has tried to write as pointed as possible as requested by the Court but is not a Scholar and feels that he can best describe his reasons in person orally before the Court.

And fourthly that to dismiss this case with prejudice just goes to show that there is a close tie between Magistrate Almond and Mayor (then Petitioners Attorney) David Cicilline in the negativity of Magistrate Almonds treatment of the Petitioners application because of the personal relationship of the two Jurists.

Finally that the so called harmless aspect that Magistrate Almond so callously attaches to the Petitioners application.

IV. Travel Fact of the Case

The petitioner can prove his innocence in this case by the facts no matter what the R.I. Attorney Generals Office, or the Trial Attorney, or the Court appointed Attorneys nor the Courts want to say or twists the facts in this case. The facts are that the Petitioner was indicted from Jan. 1, 1987 to Dec. 31, 1990. The alleged victim was examined by her pediatrician in 1990 and 1991. This Doctor did a OB/GYN exam and found no sign of sexual abuse, she did not find any adhesion mark nor Lesion marks and the vagina was normal There is no way that a female of that age could have been penetrated by the Petitioner without leaving adhesion marks or Lesion marks and leave the vagina normal. There was no signs that any sexual abuse took place so no rape kit would have been needed. This just goes to prove that the alleged victim was sexually abused after 1991 as found in the Nurses report, that, was done after exam of 1993. The Petitioner had not lived with the alleged victim after his indictment dates, nor was he ever alone with her after that time. So, he could not have committed this crime.

These are undisputed facts that no Court can overlook, but they don't want to see to let an innocent man free.

No, Judge or Magistrate can say that the Jury had enough information to convict the Petitioner of the alleged crime, based upon the transcripts. The Jury plainly states that they did not know the dates or where the Petitioner lived, or they would not have asked the question. Time and place are in confusion with the charged crime, so how can the Jury without doubt convict?

V. Argument In Full

Petitioner is an innocent man and as such is entitled to pursue all avenues to prove said innocence. He has never wavered in his claim of innocence and has never given up in his quest to prove it.

> In Habeas Corpus proceedings instituted by a State Prisoner, a Federal District Court must grant an Evidentiary hearing if 1) The merits of factual dispute were not resolved in the State hearing; 2) The State factual determination is not fairly supported by the record as a whole; 3)

> The fact finding procedure employed by the State Court was not adequate to afford a full and fair hearing; 4) There is a substantial allegation of newly discovered evidence; 5) The material facts were not adequately developed at the State Court hearing; or 6) For any reason it appears that the State trier of fact did not afford the applicant a full and fair fact hearing.
> Townsend V. Sain 372 US 293.

The Petitioner pressed that there are material facts that are unresolved and must be decided by an evidentiary hearing such as; Actual innocence: Medical testimony relevant to facts presented: The first impression of Jury's domain before the Court: And clarification of the records now before the Court, along with the States exhibits presented to this Court.

> Habeas Petitioner need not point Habeas Court to factually identical precedent to show that State Court decision is contrary to clearly established Federal Law, as determined by the Supreme Court of the United States.
> O'Brien V. Dubois 145 F3d @25

Since it has been acknowledge by Magistrate Almond that the "Jury questions not being addressed" at all is a first impression case issue in and of it's self is clear and concise Case Law as to Jury questions that bare a direct outcome of a Jury's Deliberations cannot be harmless, the petitioner must be allowed to prove the full scope of it's importance.

> 2) Before and error involving the denial of a Federal Constitutional right can be held harmless in a State Criminal case, the reviewing Court must be satisfied beyond a reasonable doubt that the error did not contribute to the Defendant's conviction. Opinion by Black J.
> Chapman V. Calf, 386 US 18, 17LEd2d 705

If the jury was so well informed, than why did they feel the need to clarify dates and places in such a way as to have to ask the questions in the first place. They only came back with a quick verdict after the Judge told them they had 1 hour to come up with a verdict or face coming back on Monday to Re-Deliberate.

> …And because we cannot say with confidence on the record as a whole, that the error was harmless, we must sustain the Defendants appeal.
> US V. Parent, 954 F2d @27

Because this issue is of first impression it is clearly in this Courts jurisdiction as "Jury questions" do fall within its domain. See United States V. Sabetta 373 G3d 75 @78 (1st Cir.2004). The fact that the "Jury's questions" were not addressed at all places this Court in

a double quandary and needs to be fully addressed. Whether the "Jury questions" were mislaid or misfiled or purposefully misdirected has a direct bearing on the outcome of the petitioners trial in the State Court and must be fully adjudicated as directed in Townsend B. Sain Supra 1) The merits of factual determination were not resolved in the State hearing.

This issue cannot be non-chalantly dismissed by Magistrate Almond in an off-handed way. The Jury felt that their questions were pertinent to their deliberations and since that clearly places it into the Jury's domain. How can Magistrate Almond decide what is beyond his scope of jurisdiction. See Yarborough V. Gentry 540 US 1 (2003). Also under 28 USC 2254 (d)(2)

> Under this standard, the State Courts factual findings are entitled to a presumption of correctness that can be rebutted only by clear and convincing evidence to the contrary. Mastracchio V. Vose, 274 F.3d 590 (1st Cir2001

With the presented argument of first impression it should carry this application to a full evidentiary hearing by itself but:

The petitioner was clearly instructed before each issue was to be presented to the Court directly on the 28 USC 2254 form starting on page 6 under ground one;

> (a) Supporting facts **(do not argue or cite Law. Just state the specific facts that support your claim):**

This is repeated on all issues in the form provided by the District Court. And on instructions page 1. #5. Again it says "you do not need to cite Law". Under these guidelines the petitioner was placed at a disadvantage that Magistrate Almond is overlooking. Since he was never asked to clarify any of his information or to submit additional information as pointed out in Instruction #5 he was under the belief that he filled out the form properly and would be given a chance to answer questions of the Court at a later date during an Evidentiary Hearing.

Again this argument to expand upon the actual issues before the Court were declined by the Defense, the Petitioner did motion for an Evidentiary Hearing to be able to verbally clarify all his grievances before the Court in such a way because he is not nor has ever been an Attorney or Paralegal. He has tried to be as pointed as possible as requested by the Court but is not a Scholar nor advanced education person to be so elegant in his writing ability but does feel he can make up for this in his verbal skills.

For the Magistrate to so callously recommend for this application to be 'Dismissed with Prejudice' is a travesty of justice. Especially when he refuses to comment or defers to calls "Procedural Default" to issues 3,4,6, and 7. The confusion is complete and genuine and tends to show Magistrates Almonds bias. Again indicating the close ties between Almond and Cicilline, in the negativity of the Petitioners application before this Court.

Because of the lengthy amount of bad actions and now actions in the shady defense of the Petitioner at trial, before trial and at sentencing the trial attorney was ineffective in the cumulative defense of the petitioner. He kept misleading the petitioner in claims that the state was going to dismiss the charges and in not preparing the petitioner for trial, His nonchalant approach to the criminal trial and complete failure to prepare properly lead to his gross negligence at the trial lead to the Innocent petitioner being wrongfully conviction. No Bill Of Particulars, No Motion for a Mistrial because of jurist, Not properly preserving of objection during trial, No New trial motion, Not properly filing for proper indictment, not challenging the illegal indictment at the proper time, Not challenging the experts credentials, allowing bolstering testimony and not arguing for limitation of testimony during the trial.

There along with other blatant omitted of his duty to be the advocate for the petitioner as the courts adversarial system in Rhode Island demand. Did contribute excessively to the false imprisonment of the petitioner. Especially not doing his investigation that would have uncovered the Community Counseling records that so critically showed that Dr Lytton's records and all her physical testing and medical records in filing so late before the trial, the day before trial started.

With grounds 3 and 4 being directly adverse to the conviction in the State Court again we fall to the domain of the Jury and its makeup. The Juror being brought before the rest of the Jury in open Court to answer questions before the bench and the overall contamination to the Jury afterwards are very real and openly controversial. Yet "Procedurally Default" by Magistrate Almonds own account, cannot be deemed as "Dismissed with Prejudice" makes no sense at all.

He goes on to include issues 6 and 7 in his report and recommendation as also "Procedural Default" and still insists that the application be 'Dismissed with Prejudice' when clear State and Federal Law abide in their aspects. Under issue 6 the prosecution cannot refer to evidence it clearly never intended to present, then claim it never had or never intended to turnover to the Defense, and to cite a wrong Law and sentence a person under a Law that clearly is different than the one he was illegally convicted of is unlawful in any Court and not just to be brushed over by the Magistrate in his report and recommendation.

Finally the harmless error that Magistrate Almond has enhanced throughout his report and recommendation is in fact a white-washed response to keep an innocent man behind bars for a crime he did not commit. The callousness that Magistrate Almond throws in the face of the Petitioner and this Court in his overstepping the bounds of his position and not only infringing on the Jury's domain but also to overstep the Courts first impression of the "Jury's question not even being addressed" is malicious and cannot be allowed to stand.

VI. Conclusion

Wherefore , in the petitioners above Memorandum asks the Court to accept the Petitioners objection to Magistrate Almonds report and recommendation, and the Petitioner be granted an Evidentiary Hearing before Justice Smith at this time DE-NOVO or the 28 USC 2254 application be granted and his State conviction be vacated.

Respectfully Submitted

November 8, 2007

Kevin M. Lyons Pro/Se

CERTIFICATION

I certify that one copy of this motion was sent by first class U.S. Mail to; The office of the Attorney General office at 150 South Main street, Providence,RI 02903, The office of A.T.Wall 40 Howard Avenue, Cranston,RI 02920 on this the 8 day of November 2007.

Kevin M Lyons Pro/Se