UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Kevin M Lyons

Vs C.A. 07-68s

A.T.WALL ,et,al

MEMORANDUM OF SUPPORT OF
CERTIFICATE OF APPEALIBILITY

Now comes the Petitioner, Kevin M Lyons, with his memorandum in support of certificate of appealibility pursuant to Interim Loc R.22 (a) for Fed R APP.P 22(b).

The Petitioner will set forth his issues and reason why said (C.O.A.) should be granted in this memorandum.

JURISDICTION

This Court holds full and complete jurisdiction under 28 USC § 2253 (c)(1).

FACTS OF INTERFERENCE
TO COMPILE MEMORANDUM

First before Petitioner can fully try to present his argument before the Court he must aver that certain circumstances exist that warrant extra due diligence for the Court to consider in its review of this memorandum.

a) That the RI Dept of Corrections (DOC) does hamper the Petitioners access to the Courts by:

1) No Fed Law books or case Law books have been updated since 1999 May.

2) If you can locate a reference to any case you must send to the DOC Law Librarian along with a money

transfer for 5¢ per page copies but it takes 20 to 30 days or longer before said copies are sent to the requested if sent at all.

3) In all cases of newer case Law or Federal Law changes since May 1999 the Petitioner is in the complete dark and unable to respond to said cited materials.

4) The DOC has down sized and limited Law Library books, space, inmate capacity and usage, along with inadequate materials to respond to the federal Courts in proper and timely manner.

5) Petitioner was unable to find case Law to research as I could only find 2 of the cases I wished to research for this memorandum (see research notes attached)

## ARGUMENT IN FULL

First the Petitioner would press that the Magistrate Almond neglected to proceed to the pertinent part of 28 USC § 2254 (b) (1) (B) (i) (there is an absence of available state corrective process;or) (ii)(cirumstances exist that render such process ineffective to protect the rights of the applicant.) Magistrate Almond would have this Court believe that the Petitioner never attempted to press these issues before the state Court, but the Petitioner will prove that such is not the case and that they were raised but never answered by the choice of the state Courts and thus 28 USC § 2254 (b)(1)(B) (i) and (ii) do satisfy the Courts requirements to be heard in the Federal District Court.

The Petitioner also avers that Magistrate Almond does indirectly stress that the Petitioner did not properly cite or aver to Federal Laws or case Law in his 28 USC 2254 petition before the Courts. At this time the Petitioner would stress that under AO 241 (rev 12/04) page #1 INSTRUCTIONS #5 ( answer all the question. you do not need to cite laws. you may submit additional pages if necessary. If you do not fill out the

forms properly, you will be asked to submit additional or correct information if you want to submit a brief or arguments, you must submit them in a separate memorandum.) Also the Petitioner would stress that he is told not to cite or argue Law under each ground starting with ground one pg 6: (a) Supporting fact do not argue or cite Law. Just state the specific facts that support your claims) Also the Petitioner would also call to the Courts attention on pg 6 of the 28 USC § 2254 petition:

**CAUTION:** to proceed in the Federal Court, you must ordinarily first exhaust (use up) your available state Court remedies on each ground on which you request action by the Federal Court, also if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Because of the underling argument in Magistrate Almonds R & R Petitioner presents his argument in full as to why he has proceeded to the federal district Court properly and completely under jurisdiction of the 28 USC § 2254 petition and should be granted a certificate of appealibility at this time in the preceding memorandum of law.

GROUND #1 (one)

As the Petitioner avers in this memorandum he has presented this ground before the State Court but, the state Court has deferred to answer the issue thus placing it before the Federal District Court.

In habeas Corpus proceeding instituted by a state Prisoner, a Federal District Court must grant an Evidentiary Hearing if 1) The merits of factual dispute were not resolved in the state Hearing 2) The state factual determination is not fairly supported by the record as a whole; 3) The fact finding

procedure employed by the state Court was not adequate to afford a full and fair hearing (in pertinent part) Townsend v Sain 372 U.S.293

The jury's note was raised properly before the state Court in the Petitioner's argument and Re-defined in his - Re-Argument before the R.I.S.C. in both cases it was stressed that the jury note presses not for just one answer to the Question(s) asked, but for a mulitude of answers to all the questions asked. Because of the additional inquiry of '(over) we are specifically looking for the nurse report as well as a time line as to where they lived and at what dates" It is clear that this as a four part question that Magistrate Almond melds in to one answer, as he only addresses one part of the question and shows his misunderstanding of the jury's inquiry. As this note was never addressed by the trial Court we know that the Petitioner has the right that is well established to be present and heard as to the proper procedure to deal with said note.

In this instant this critical note was never addressed at all and since it does deal with the critical elements of the alleged crime of time & place we need to have a defined avenue to deal with this Constitutional Right loss of 5th 6th and 14th Amendments to the U.S. Constitution of equal rights, and due process of law.

...2) Before an error involving the denial of a federal Constitutional right can be held harmless in a state Criminal case the reviewing Court must be satisfied beyond a reasonable doubt that the error did not contribute to the defendants conviction.
opinion by Black J. Chapman V Calf, 386 US 18, 17Led 705

Since Magistrate Almond himself states in his R & R that issue has not been dealt with in the first circuit, than it does need to be complete and fairly adjudicated in the first circuit in an authoritative manner. And not harmless as

Magistrate Almond would white wash over.

As the Petitioner and this Court do concur that the jury's note was never addressed at all, we must go forward to the fact that the Petitioner claims that the non-answer allowed the jury to convict the Petitioner for the whole (4) four year span of time even though the Court transcripts only state that the Petitioner and alleged victim only lived in the town of Warwick for (6) six month to (1) one year. If the jury was so well informed as to the charged alleged crimes, than why would they feel the need to clarify dates and places in such away to have to ask the questions in the first place.

> ... and because we cannot say with confidence on the record as a whole that the error was harmless we must sustain the defendants appeal.
> US v Parrent, 954 F2d @ 27

Ground Two

Because the jury's note call's into question essential elements of the crime it does stand alone in this action. Not lumped together as Magistrate Almond would have this Court believe.

The jury was confused and because as shown in the Petitioner indictment, the state avers to a four year span of time for said alleged crimes (2) and a four year span for the alleged place of the crime to cover two distinct cities, even if one was dismissed 48A. The Petitioner was forced to account for and prepare a defense for all four year for three non-specific incidences.

> Standards for granting certificate of probable cause necessary for appeal of habeas Petitioner is whether there has been substantial showing of denial of federal rights. F.R.A.P. Rule 22 (b) 28 USCA
> Celestine v Butler 823 F2d 74

At the trial even when the defense was questioning state

witnesses no specific days or dates were consistent and all this confusion of the Prosecutions witnesses contributed to the jury's confusion and when the defense brought forward MR Golden whom plead guilty to molesting the alleged victim in another city and two additional years were added to the jury's plate to think on. Including a one year overlapping of both defendant,and Petitioner whom were not Co-defendants, and in this case Mr Golden had already plead guilty to charged dates before the nurse's report was completed.

Mr Golden plead guilty to charged crimes from Jan 1,1990 to Dec 31,1992 several months before Nurse's report of May 9,1993. (as shown in Petitioner exhibits and TR.T Mr Golden's Testimony) all charged in East Providence,RI.

Since the jury now had to contemplate (3) three cites brought before them and Jan 1,1987 through Dec 31,1992 with two non-co-conspirators and non-co-defendants the jury was confused and was asking the Court for guidance as directed by the judge during her charging of the jury (TT). The jury was clearly availed to consider all these aspects, even though they were clearly confused and was doing as instructed by the Court! Since they were clearly and maliciously shunned by the Court clerk and the bailiff of the Court. They were force to deliberate on aspects that were clearly out side of the charging document especially when count 3 was 48 A'd or dismissed by RI Superior Court standards

The nurse was never told of Mr Golden nor his guilty plea that took place before the Petitioner's trial. because these acts took place before her report and she was unaware of secondary person involved with also charged with child molestion crimes and since part of her testimony she names the Petitioner without any medical finding to prove her answer and not knowing of Mr Goldens involvement with the alleged victim also stress the fact that both the Petitioner and Mr golden were charged with crimes before the nurse did her report and after Mr Golden plead guilty.

When we take all this into account the jury was not only substantially confused as to times dates and place they had to ask for clarification of the charged crimes and in the carelessness of the bailiff and Court clerk they were denied this needed clarification and were left to try to deliberate with all the times dates and places even those outside of the charged crimes.

As Magistrate Almond would have this Court believe that Grounds #1 & 2 are both the same the Petitioner stresses that they are not.As ground one is supported by Law and count two is supported by fact. We know that after the P.C.R hearing there is another doctor now directly involved in this case and she had examinations and test done in 1990 and 1991 in which she found no such injuries as the nurses report of 1993 so clearly show. This also directly effects the fact that the jury was confused as to time date and place charged against the Petitioner as Petitioner avers that nurse and Mr Golden were sequestered during testimony but the jury heard all of the testimony. Which clearly makes the jurys note not being addressed as direct influence to his guilty verdict.

> We cannot say " with fair assurance" that the procedural error in the handling of the jury's inquiries did not effect the verdict.
>
> United States v Ronder 639 f2d 931 @ 935 (1991)

Because Magistrate Almond falsely groups both ground one and ground two together and keeps stressing harmless error in the Petitioner 28 USC § 2254 application. The Petitioner stresses that his 5th 6th and 14th amendments the US Constitution are being violated in both these aspects brought before the Court in due process and equal rights violations because of his alleged crime and his political standing of the individuals involved in this case.

Ground Three

That the juror was questioned in open Court, and before

the rest of the jury. This issue was addressed in the P.C.R. and in the Petitioner Re-Argument but never answered by the Court. This issue was blanketly dismissed by the RISC as noted in § 2254 exhibit #8.

Thus when Magistrate Almond wrongfully misaddressed ground three and ground four as a mixed Petition, he is wrong. Yes the Petitioner does concede that the State Supreme Court did not fully address the grounds but the ground were brought before the Court but only a blanket dismissal. Because of this fact this ground is properly before this Court.

The Petitioner does aver that his 5th 6th and 14th Amendments to the US Constitution were violated when a juror was called out of the jury's box in open Court and asked questions posed by the defense about her conduct, while she was at lunch and seen in the company of the alleged victim. When the trial Justice was directly confronted during the P.C.R. she stated that she did not do such a thing, and when Appellant Attorney was pressed to put it into her statement of the case before the RISC she refused. Thus the Petitioner could only address it under his motion for Re-Argument before the RISC which was denied.

As shown in correspondance of Nov 6,2005 with Ms Iannitelli and her response (updated) about her finished statement for the RISC. Petitioner did point out the facts of paragraph 3 in the second sentence she threatens to withdraw if Petitioner does not accept it as is. You will find that the Petitioner does stress for extensive changes and requests changes, that were not included. Petitioner also sent Pro/Se motion to the Court that were rejected and he was told he can not send them as he has an Attorney. Thus he was unable to preserve them in any other way but by Re-Argument before the RISC.

Ground Four

That the juror was proven untruthful in the open Court during her questioning. The Petitioner agrees that this issue

during her questioning. The Petitioner agrees that this issue as stated was not completely addressed when Justice Thunberg in her decision (page 5 ) when she states that "juror never spoke to the victim simply overheard the victim..." and in the Petitioner's Re-Argument page 4 paragraph two sentence two "the taint is evident in not just that this juror saw fit to lie, but once confronted changed her story when called upon, up before the judge in open Court, and who's to know what she said to others after returning to the jury box.(PCR Trans pg 141 lines 15-25). Then denied under Re-Argument denial by the RI Supreme Court. Even if it was only a blanket denial and not specifically address by its self, but this issue was passed by the RISC and thus is properly before the Federal Courts as exhausted.

Again the Petitioner has suffered 5th 6th and 14th Amendments violations and with the quantitative approach of all the grounds combined overall as a whole, Magistrate Almonds Mis-conception that the State has not been allowed to Rule on the issue when they have, thus issue is exhausted at the state level.

Ground Five

Ineffective Assistance of Counsel as defined by Magistrate Almond in his mimic of the state Supreme Courts answer with out a denovo hearing to allow the Petitioner to clarify his position in an evidentry hearing nor does Magistrate Almond clearly define upon his own the six reason in support of the Petitioner ineffective claim ie.....

1) Counsel failed to file a bill of particulars.
2) Counsel did not motion for a mistrial during judge's questioning of juror
3) Counsel failed to properly object at trial making certain issue not reviewable on appeal
4) Counsel failed to file motion for new trial after informing Court that he would be.

5) Counsel failed to file motion to dismiss the indictment because of overlapping indictment of another individual for the same alleged crime and victim who plead guilty

6) Counsel did not properly cross-examine states expert nurse witness.

Shortened to those summaries by the Magistrate, which are quite lengthly in original form in the Petitioner § 2254. The reasoning for the ineffective claim and the specific's of allegation are to show the total effects that the Petitioner's losses of rights and the cumulative effects that all these individual losses cause to the Petitioner.

In his R&R Magistrate Almond does not address the Petitioner's concerns and side steps each issue in a blanket sweep of each individual reason as non-prejudicial performance the deficiency. The Petitioner states that under reason #1) That a bill of particulars was needed so the defense could prepare properly for trial in separation of his indictment from Mr Goldens but also to tell him of his alleged crime, at what place and at what date so he could help his Attorney in preparation for his day in Court but his Attorney failed to be able to properly advise his client, because he chose not to. This deficient performance was not calculated to harm the Petitioner, it was just his attorney non-chalant way to proceed, but the bill of particulars is not just a tool for the defense but a true clarification of alleged crime or crimes to prepare for, not just for alibi but for proof of facts in the Petitioner favor

2) The mistrial motion for juror questioning in open Court before the rest of the jury is highly prejudicial in this case and does in an of it self show that Attorney was deficient in his performance. Because of the inference of misconduct before the rest of the jury and even a first year law student would have protested of such mistreatment of the Petitioners rights (the sixth Amendment guarantees reasonable competence...)and this blantant omission of trial procedure is not reasonable and adds to the cumulative effect of the

ineffectiveness.

3) That the trial attorney did not preserve a considerable amount of his objection properly, places the Petitioner on very shaky grounds in his rights being preserved at any stage. again this cumulative effect of his trial strategy as Magistrate Almond would have us believe again would be harmless but when does it stop!

4) The trial attorney did not file a motion for a new trial after informing the Court he would do so and then after the proper time to do so elapsed he let it drop with out any explanation and when asked at the PCR hearing, he stated there was no reason to. but again the indirect reason given to the Petitioner, during his bold expression at trial were just forgotten and allowed to fall to the was side again in the cumulativness of deficient performance of the attorney contributing to ineffectiveness .

5) That the defense attorney did not file a motion to dismiss the indictment under any of numerous valid reasons of which the Petitioner pointed out the overlapping indictment of another person whom was not a co-conspirator but it also takes into account the extensiveness of the time of the alleged crime of over (4) four full years for one alleged act and (4) four full years for a second alleged act. This excessive amount of time so prejudiced the Petitioner that he could not in good faith or adequate preparation for trial prepare to answer alleged charges at trial without surprise . again we deal with cumulative effect of ineffectiveness .

#6) The trial attorney did not properly challenge the states expert witness or her credentials as to whom conducted any of the examinations or tests or to prepare for cross examination as to who did do the examination and tests. She was allowed to even testify to bolstering the alleged victim by repeating what she was told not what could be medically or scientifically proven but that was one of the issues that the RISC stated that was not properly preserved for appeal. Again the cumulative effect of his ineffectiveness of counsel

dams the Petitioner.

As the Petitioner has shown time and time again it is not one single action or in action on the part of the counsel contributed to the overwhelming effect of all the combined actions and inaction that cause the ineffective assistance of counsel and total loss of the Petitioners rights under the 5th 6th and 14th Amendments to the United States Constitution.

Ground Six

Prosecutorial Misconduct Petitioner has conceded that this issue was not decided in the State Supreme Court as stated but it was refered to by general statement of Appellant attorney under D, and addressed briefly by Justice Thunberg on pg's 10,11 of her decision specificly (1) and (2) and again in Re-Argument issue C which covers issue C + D not decided by the RI Supreme Court other than deny the Re-Argument in their order.

Ground Seven

That the Judge comitted judicial misconduct in her questioning juror in open Court and that the Petitioner was SEntence under wrong statute. The first part of this ground was addressed and denied when Petitioners Re-Argument was denied when discrepancy was pointed out on page (4) four paragraph (1) one of Justice Thunberg's recollection in PCR trans and TT that clearly show Justic,Prosecutor and trial defense were looking at juror were in Court room and never left.

As far as second part of Ground seven about inproper sentencing Petitioner includes it after no Attorney would press it in neither PCR nor in Appeal and since Petitioner must raise all ground or loose them in his only allowed 28 USC § 2254 all grounds must be included since institution of AEDPA (1996) if you don't include it you loose it. Thus the Petitioner has included it in his §2254 because of 28 USC § 2254 (e)(2) (A) (ii);

> (ii) a fatcual predicate that could not have been previously discovered through the exercise of due diligince...

**WHEREFORE**, The Petitioner prays this Court to grant a Ceritifcate of Appealibility for the above mentioned reason and in the interest of Justice.

12/14/2007
Date

Respectfully Submitted

Kevin M Lyons Pro/Se
Kevin M Lyons Pro/Se

CERTIFICATION

I certify that one copy of this motion was sent by first class U.S. Mail to; The office of the Attorney General office at 150 South Main street, Providence,RI 02903, The office of A.T.Wall 40 Howard Avenue, Cranston,RI 02920 on this the 14 day of December 2007.

Kevin M Lyons Pro/Se

Kevin M Lyons Pro/Se