UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

Kevin M Lyons

Vs C.A.NO 07-68s

A.T.WALL

AMENDMENT TO

MEMORANDUM OF LAW

Petitioner , Kevin M Lyons, does here by notify this Court of amendment to memorandum of law to make changes and typographical corrections.

Petitioner would notify this Court of facts that 1st line of page 9 is a repeat of last line of page 8 and that on page 14 line 8 is changed to read" at juror and called juror forward as we know all juror's were in the Court room and never left the Court room.

Also the Petitioner would enclosed letters between the Petitioner and the Appellant Attorney for use in Ground #3.

12/17/2007

Date

Respectfully Submitted,

Kevin M Lyons Pro/Se

Kevin M Lyons Pro/Se

during her questioning. The Petitioner agrees that this issue as stated was not completely addressed when Justice Thunberg in her decision (page 5 ) when she states that "juror never spoke to the victim simply overheard the victim..." and in the Petitioner's Re-Argument page 4 paragraph two sentence two "the taint is evident in not just that this juror saw fit to lie, but once confronted changed her story when called upon, up before the judge in open Court, and who's to know what she said to others after returning to the jury box.(PCR Trans pg 141 lines 15-25). Then denied under Re-Argument denial by the RI Supreme Court. Even if it was only a blanket denial and not specifically address by its self, but this issue was passed by the RISC and thus is properly before the Federal Courts as exhausted.

Again the Petitioner has suffered 5th 6th and 14th Amendments violations and with the quantitative approach of all the grounds combined overall as a whole, Magistrate Almonds Mis-conception that the State has not been allowed to Rule on the issue when they have, thus issue is exhausted at the state level.

Ground Five

Ineffective Assistance of Counsel as defined by Magistrate Almond in his mimic of the state Supreme Courts answer with out a denovo hearing to allow the Petitioner to clarify his position in an evidentry hearing nor does Magistrate Almond clearly define upon his own the six reason in support of the Petitioner ineffective claim ie.....

1) Counsel failed to file a bill of particulars.
2) Counsel did not motion for a mistrial during judge's questioning of juror
3) Counsel failed to properly object at trial making certain issue not reviewable on appeal
4) Counsel failed to file motion for new trial after informing Court that he would be.

as stated was not completely addressed when Justice Thunberg in her decision (page 5 ) when she states that "juror never spoke to the victim simply overheard the victim..." and in the Petitioner's Re-Argument page 4 paragraph two sentence two "the taint is evident in not just that this juror saw fit to lie, but once confronted changed her story when called upon, up before the judge in open Court, and who's to know what she said to others after returning to the jury box.(PCR Trans pg 141 lines 15-25). Then denied under Re-Argument denial by the RI Supreme Court. Even if it was only a blanket denial and not specifically address by its self, but this issue was passed by the RISC and thus is properly before the Federal Courts as exhausted.

Again the Petitioner has suffered 5th 6th and 14th Amendments violations and with the quantitative approach of all the grounds combined overall as a whole, Magistrate Almonds Mis-conception that the State has not been allowed to Rule on the issue when they have, thus issue is exhausted at the state level.

Ground Five

Ineffective Assistance of Counsel as defined by Magistrate Almond in his mimic of the state Supreme Courts answer with out a denovo hearing to allow the Petitioner to clarify his position in an evidentry hearing nor does Magistrate Almond clearly define upon his own the six reason in support of the Petitioner ineffective claim ie.....

1) Counsel failed to file a bill of particulars.
2) Counsel did not motion for a mistrial during judge's questioning of juror
3) Counsel failed to properly object at trial making certain issue not reviewable on appeal
4) Counsel failed to file motion for new trial after informing Court that he would be.
5) Counsel failed to file motion to dismiss the indictment

Ground Seven

That the Judge comitted judicial misconduct in her questioning juror in open Court and that the Petitioner was sentence under wrong statute. The first part of this ground was addressed and denied when Petitioners Re-Argument was denied when discrepancy was pointed out on page (4) four paragraph (1) one of Justice Thunberg's recollection in PCR trans and TT that clearly show Justice , Prosecutor and trial defense were looking at juror, and called juror forward as we know all juror's were in the Court room and never left the Court room.

As far as second part of ground seven about improper sentencing Petitioner includes it after no Attorney would press it in neither PCR nor in Appeal and since Petitioner must raise all grounds or loose them in his only allowed 28 USC § 2254 all grounds must be included since institution of AEDPA (1996) if you don't include it you loose it. Thus the Petitioner has included it in his § 2254 because of 28 USC § 2254 (e)(2)(A) (ii);

> (ii) A factual predicate that could not have been previously discovered through the exercise of due diligence...

Ground Seven

That the Judge comitted judicial misconduct in her questioning juror in open Court and that the Petitioner was SEntence under wrong statute. The first part of this ground was addressed and denied when Petitioners Re-Argument was denied when discrepancy was pointed out on page (4) four paragraph (1) one of Justice Thunberg's recollection in PCR trans and TT that clearly show Justic,Prosecutor and trial defense were looking at juror were in Court room and never left.

As far as second part of Ground seven about inproper sentencing Petitioner includes it after no Attorney would press it in neither PCR nor in Appeal and since Petitioner must raise all ground or loose them in his only allowed 28 USC § 2254 all grounds must be included since institution of AEDPA (1996) if you don't include it you loose it. Thus the Petitioner has included it in his §2254 because of 28 USC § 2254 (e)(2) (A) (ii);

> (ii) a fatcual predicate that could not have been previously discovered through the exercise of due diligince...

CERTIFICATION

I certify that one copy of this motion was sent by first class U.S. Mail to; The office of the Attorney General office at 150 South Main street, Providence,RI 02903, The office of A.T.Wall 40 Howard Avenue, Cranston,RI 02920 on this the 17 day of December 2007.

Kevin M Lyons Pro/Se

Kevin M Lyons Pro/Se